UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    MICHAEL MARVE,                        Case No. 02-34415-dof
                                                        Chapter 13 Proceeding
                Debtor.                               Hon. Daniel S. Opperman
_____/

DENISE MARVE,

    Plaintiff,

v.                                                                   Adversary Proceeding
                                                                   Case No. 07-3040-dof

MICHAEL MARVE,

    Defendant.
_____/

## OPINION

      Michael Marve, the Debtor, filed a petition seeking Chapter 13 relief with this Court on December 20, 2002. This Chapter 13 petition follows a Chapter 7 proceeding filed by the Debtor in which his home was sold by the Chapter 7 Trustee and a portion of those proceeds were distributed to the Plaintiff, Denise Marve. Ms. Marve was entitled to a portion of these proceeds by virtue of her marriage and subsequent divorce from the Debtor. As a result of the 1998 divorce action, Ms. Marve was entitled to a portion of the Debtor's pension with General Motors Corporation ("GMC"), as well as other payments. Two remaining items left for determination by this Court involve the payment of a portion of the Debtor's GMC pension to Denise Marve and whether attorney fees incurred in the Genesee County divorce action as assessed by the Genesee County Circuit Court against the Debtor and in favor of Ms. Marve should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). During trial, the parties also raised the issue of whether alimony of $4,929.48 owed by the Debtor to Ms. Marve is

excepted from discharge.

This Court granted the Debtor a so-called "hardship discharge" pursuant to 11 U.S.C. § 1328(b). Ms. Marve timely filed a Complaint to determine the dischargeability of debts with this Court on March 19, 2007. The Court conducted a trial in this matter on December 9, 2008, and continued the trial to January 12, 2009. At the conclusion of proofs on January 12, 2009, the Court took this matter under advisement.

## Jurisdiction

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334 and by the reference of the Eastern District Court of Michigan pursuant to Local District Court Rule 83.50(a)(1). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## Findings of Fact

The only witnesses to testify at the trial were the Plaintiff, Denise Marve, and the Debtor. Both individuals responded to the questions asked of them and each appeared credible to the Court.

The Debtor testified about his current employment and marital status. As evidenced by the Debtor's Chapter 13 petition, he enjoyed a steady income from his employment with GMC until he was injured at the workplace and subsequently declared physically unable to work for GMC. After that determination, the Debtor elected to receive various benefits from GMC, including, but not limited to, receipt of pension benefits. As evidenced by Plaintiff's Exhibit 14, the Debtor receives $1,162.86 from his pension. Pursuant to the Judgment of Divorce, Denise Marve receives $471.24 directly from GMC. The amount received by her is likewise confirmed by Exhibit 14. Debtor also receives social security disability of approximately $1,900 per month. His total monthly income, therefore, is $3,062.86 which results in annual income of

2

$36,754.

The Debtor also testified that he is married and lives with his wife at 6342 Stonegate Parkway, Flint, Michigan. This house is owned by the Debtor's wife and she is responsible for the two monthly payments of $1,862 and $817 for the first and second mortgages, respectively. There is no evidence that the Debtor signed the promissory note on either of these two obligations, but it does appear that he signed the mortgage so as to allow the mortgagee the right to foreclose in the event of default.

Debtor testified that he is currently unable to work and has no prospects of returning to either GMC or any other gainful employment. Consistent with the Court's previous determinations in regard to the hardship discharge granted to the Debtor, the Court finds that Mr. Marve is currently unable to earn any additional monies through future employment.

The Debtor also testified that his wife was injured while employed and has just recently returned to work. The record is devoid of any evidence of the Debtor's current wife's income or expenses, other than those identified on Exhibit D.

Denise Marve testified that she is currently employed at a local credit union. Per Plaintiff's Exhibit 3, she earned $37,709 from her employment in 2007 and had gross reportable income of $38,453. Ms. Marve testified that she receives modest, but well earned, cost of living increases through her employment. Plaintiff's Exhibit 2 details the payments Ms. Marve makes each month and indicates that she has approximately $209 left over each month. The Court also notes that Exhibit 2 does not take into account the $471 to be received by Ms. Marve from the Debtor's GMC pension. In fairness to her, this figure was not known until January 2009, when GMC confirmed the amount of the Debtor's pension and the amount that Ms. Marve would receive.

The Court also finds that the Debtor owes $4,929.48 to Denise Marve for past due

3
07-03040-dof   Doc 32   Filed 02/23/09   Entered 02/23/09 14:02:13   Page 3 of 10

alimony. This amount was confirmed by Defendant's Exhibit F. This obligation ended October, 2008, but the accrued amount of $4,929.48 still remains an outstanding debt owed by the Debtor to Ms. Marve.

## Conclusions of Law

This case was filed on December 20, 2002, and, therefore, pre-dates the congressional reforms of the Bankruptcy Code in 2005. The applicable statute is 11 U.S.C. § 523(a)(15)(A) which provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> . . . .
>
>> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless–
>>
>>> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>>>
>>> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor[.]

"Under § 523(a)(15), a debtor is not discharged from any marital debt that is not in the nature of alimony, maintenance, or support unless (1) the debtor is unable to pay the debt, or (2) the benefit to the debtor would outweigh the detriment to the debtor's former spouse." Patterson v. Patterson, (In re Patterson), 132 F.3d 33, 1997 WL 745501 at *2 (6th Cir. November 24,

4

1997).

The standard of proof in a § 523(a)(15) proceeding is a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291 (1991). Initially, a plaintiff is required to prove that (1) a debt was "incurred", (2) "in the course of a divorce or separation", and (3) the debt is "not of the kind" described in § 523(a)(5). 11 U.S.C. § 523(a)(15)(A); *see also* Crosswhite v. Ginter, 148 F.3d 879, 884-85 (7th Cir. 1998)(concluding that a creditor bears the initial burden of proof under § 523(a)(15)). Once this burden is met, the burden then shifts to a debtor to come forward with evidence to establish either of the exceptions expressly provided under § 523(a)(15)(A) or (B). Id. (citing in support of its holding In re Jodoin, 209 B.R. 132, 140 (B.A.P. 9th Cir. 1997) and In re Moeder, 220 B.R. 52, 56 (B.A.P. 8th Cir. 1998)); *see also* Gamble v. Gamble, 143 F.3d 223, 226 (5th Cir. 1998). Since subsections (A) and (B) of § 523(a)(15) "are in the disjunctive, a debtor need not prove both to prevail." Baker v. Baker (In re Baker), 274 B.R. 176, 197 (Bankr D.S.C. 2000).

    1.    <u>Standard under § 523(a)(15)(A) - Ability to Pay</u>

Section 523(a)(15)(A) requires that a debtor prove that he "does not have the ability to pay such debt." But the phrase "ability to pay" is not defined under the Code. As a result, a definition has developed through a wide body of case law. The majority of courts define "ability to pay" by relying on the "disposable income test" under 11 U.S.C. § 1325(b)(2). Hammermeister v. Hammermeister (In re Hammermeister), 270 B.R. 863, 877 (Bankr. S.D. Ohio 2001) (citing Pino v. Pino (In re Pino)), 268 B.R. 483, 497 (Bankr.W.D.Tex.2001) ("[M]ost courts rely on the 'disposable income test' of § 1325(b)(2) of the Bankruptcy Code because that section's language essentially mirrors the language [of] § 523(a)(15)(A).")(other citations omitted). A few courts define "ability to pay" by the undue hardship test found in 11 U.S.C. § 523(a)(8), a totality of the circumstances test, and a case-by-case analysis. Id.

When applying 'the disposable income test,' courts often begin by determining the amount of a debtor's income at the time of trial and the amount of reasonable and necessary expenses. In addition to these two factors, courts then consider several other factors associated with a debtor's financial situation in order to obtain a more thorough assessment of a debtor's ability to pay. These factors include:

> (1) [the] presence of more lucrative employment opportunities which might enable the debtor to fully satisfy his divorce-related obligation;
>
> (2) the extent to which the debtor's burden of debt will be lessened in the near term;
>
> (3) the extent to which the debtor previously has made a good faith effort towards satisfying the debt in question;
>
> (4) the amount of the debts which a creditor is seeking to have held nondischargeable and the repayment terms and conditions of those debts;
>
> (5) the value and nature of any property the debtor retained after his bankruptcy filing;
>
> (6) the income of the debtor's new spouse as such income should be included in the calculation of the debtor's disposable income; and
>
> (7) any evidence of probable changes in a debtor's expenses.

Hammermeister v. Hammermeister (In re Hammermeister), 270 B.R. 863, 878 (Bankr. S.D. Ohio 2001)(citing Armstrong v. Armstrong (In re Armstrong), 205 B.R. 386, 392 (Bankr. W.D. Tenn.1996)).

In the instant case, it is clear that the Debtor no longer has the ability to engage in any more lucrative employment opportunities and has made the necessary good faith effort to satisfy the debts in question. The Debtor also has not retained any significant personal property after his Chapter 7 and then subsequent Chapter 13. The Court finds that factors (1), (3) and (5) of

6

Hammermeister are in favor of the Debtor.

As to the nature of the Debtor's burden of debt that can be lessened in the near term and the amount of debts which a creditor is seeking to have non-dischargeable, the Court finds that $471.24 per month is directed to Plaintiff, Denise Marve, from the Debtor's GMC pension. To the extent that Plaintiff's Complaint seeks a determination that this amount will continue to be paid to Ms. Marve and, therefore, excepted from discharge under 11 U.S.C. § 523, the Court finds that this amount is excepted from discharge. First, Mr. Marve, in oral argument and at the trial of this matter, conceded this point. This concession is based primarily upon the determination of the Genesee County Circuit Court through the Judgment of Divorce. It is appropriate that both the Debtor and this Court provide the necessary assurances to Ms. Marve that this payment will continue for so long as payments are made under the Debtor's GMC pension.

Likewise, the Court holds that the remaining support obligation of $4,929.48 owed by the Debtor to Ms. Marve is excepted from discharge under 11 U.S.C. § 523(a)(5). Again, this determination is made in part upon the statements of Mr. Marve in open Court, as well as the relevant provisions of the Judgment of Divorce which clearly designate this amount as alimony.

With these findings, it is clear that while these payments benefit Ms. Marve, they place a burden on the Debtor due to the increased debt obligations imposed upon the Debtor. With the determination as to Mr. Marve's GMC pension and alimony in place, the Court likewise finds that factors (2) and (4) weigh in favor of the Debtor. Needless to say, if these obligations were held to be dischargeable debts, the Court's analysis would be dramatically different.

Finally, the Court is required to weigh the income of the Debtor's wife, as well as any probable changes in his expenses. In regard to these two factors, the Court simply does not have sufficient evidence to make a determination either in favor of Plaintiff or Defendant and, therefore, holds that neither factor is relevant for the Court's determination.

2. Standard under § 523(a)(15)(B) - Balancing Test

Turning to the analysis required under § 523(a)(15)(B), the Court notes that the case of Hart v. Molino (In re Molino) 225 B.R. 905 (B.A.P. 6th Cir. 1998) applied eleven factors to determine whether the defendant has met his or her burden under § 523(a)(15)(B). These factors include:

1.) The amount of debt involved, including all payment terms;

2.) The current income of the debtor, objecting creditor and their respective spouses;

3.) The current expenses of the debtor, objecting creditor and their respective spouses;

4.) The current assets, including exempt assets of the debtor, objecting creditor and their respective spouses;

5.) The current liabilities, excluding those discharged by the debtor's bankruptcy, of the debtor, objecting creditor and their respective spouses;

6.) The health, job skills, training, age and education of the debtor, objecting creditor and their respective spouses;

7.) The dependents of the debtor, objecting creditor and their respective spouses, their ages and any special needs which they may have;

8.) Any changes in the financial conditions of the debtor and the objecting creditor which may have occurred since the entry of the divorce decree;

9.) The amount of debt which has been or will be discharged in the debtor's bankruptcy;

10.) Whether the objecting creditor is eligible for relief under the Bankruptcy Code; and

11.) Whether the parties have acted in good faith in the filing of the bankruptcy and the litigation of the 11 U.S.C. § 523(a)(15) issues.

Id.

Many of the Molino factors are stated slightly differently from Hammermeister. For example, factor (2) of Molino is similar to factor (6) of Hammermeister. The significant difference between Hammermeister and Molino, if any, is the requirement to balance these various factors of both the debtor, the objecting creditor, and their respective spouses. The Court is "[e]ssentially . . . asked to compare the respective standard of living of both parties and determine who will 'suffer more' if there is a discharge." Simpson v. Simpson (In re Simpson, 336 B.R. 739, 744 (Bankr. W.D. Ky. 2006) (citing In re Smither, 194 B.R. 102, 110 (Bankr W.D. Ky. 1996)).

Taken as a whole, the Court's analysis under Molino is similar to that of Hammermeister. In balancing the expenses, income, assets, liabilities, health, job skills, training, age and education of the debtor, the objecting creditor, and respective spouses, the Court finds that the Debtor's health problems prevent him from earning additional income through future employment and that his income is limited solely to his social security disability and GMC pension. As stated earlier, a portion of the Debtor's GMC pension is to paid to Ms. Marve and will continue to be directed to her as a result of this Opinion. While the Court recognizes the lack of information in the record about the Debtor's wife's physical and financial condition, the Court also notes that Mr. Marve testified that the house at 6342 Stonegate Parkway is worth less than the mortgages on it and that it would be very difficult, if not impossible, for his wife to sell

9

this house.

Comparing the parties' relative income and expenses, the Court notes that Ms. Marve currently realizes approximately $200 per month of excess income over her stated expenses. When the GMC pension of $471.24 is added to Denise Marve's income, she enjoys a modest surplus every month. The same can not be said for the Debtor, as it appears that his expenses typically meet, if not exceed, his income.

Accordingly, the Court concludes that the Debtor's obligation to pay a portion of his GMC pension in the amount of $471.24 monthly to Ms. Marve is excepted from discharge pursuant to 11 U.S.C. § 523(a)(15). The Court also concludes that the outstanding alimony obligation of $4,929.48 owed by the Debtor to Ms. Marve is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). All other obligations owed by the Debtor to Ms. Marve are discharged.

The Court will contemporaneously enter an Order consistent with this Opinion.

cc: Michael Marve

**Signed on February 23, 2009**

                                            **/s/ Daniel S. Opperman**
                                            **Daniel S. Opperman**
                                            **United States Bankruptcy Judge**

10

07-03040-dof   Doc 32   Filed 02/23/09   Entered 02/23/09 14:02:13   Page 10 of 10